King v. Hanover                          CV-94-274-JD  10/07/96 P

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


<u>Bruce King</u>


        v.                              Civil No. 94-274-JD

<u>Town of Hanover, et al.</u>


                              O R D E R


     By order of September 10, 1996, the court denied the

defendants' motion for attorneys' fees under 42 U.S.C. §§ 1988,

2000e-5(k) ruling that the motion, filed on the seventeenth day

after the entry of judgment, was untimely under Fed. R. Civ. P.

54(d)(2)(B).  The defendants have filed a motion for recon-

sideration (document no. 69), arguing (1) that the three-day

extension afforded by Fed. R. Civ. P. 6(e) rendered their motion

for attorneys' fees timely; and (2) that they reasonably relied

on a document issued by the court entitled "Time Computation

Guidelines" in waiting until the seventeenth day after the entry

of judgment to file their motion for attorneys' fees.  The

plaintiff has not filed a response to the motion for

reconsideration.

     Rule 54(d)(2)(B) provides:

        Unless otherwise provided by statute or order of
     the court, [a motion for attorneys' fees] must be filed
     and served no later than 14 days after entry of
     judgment . . . .

Although Rule 6(e) affords a party three extra days to "perform an act or take some proceeding" in response to a paper served by mail, the extension only applies to actions that must be undertaken "within a prescribed period <u>after the service of a notice or other paper on the party</u>." Fed. R. Civ. P. 6(e). Because Rule 54(d)(2)(B) imposes a fourteen-day deadline for filing a motion for attorney's fees after the entry of judgment, and not after service of the notice of judgment, Rule 6(e) is inapplicable. <u>Cf.</u> <u>Wyzik v. Employee Benefit Plan of Crane Co.</u>, 663 F.2d 248, 349 (1st Cir. 1981) (Fed. R. App. P. 26(c), which extends deadline for responding to paper served by mail by three days, does not to apply to Fed. R. App. P. 4(a)'s requirement that notice of appeal be filed within thirty days of entry of judgment). The defendants' argument based on Rule 6(e) fails.

The court also has considered the defendants' arguments concerning the "Time Computation Guidelines" and finds them to be without merit. The document relied upon by the defendants only purports to provide "general information" and clearly references Fed. R. Civ. P. 6(e), which, as noted above, does not apply to deadlines that are computed based on the date of entry of judgment.

The motion for reconsideration (document no. 69) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

October 7, 1996

cc:  K. William Clauson, Esquire
     Charles P. Bauer, Esquire